**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **JEFFERSON CAPITAL SYSTEMS, LLC** | § | |
| | § | |
| **v.** | § | **1-19-CV-760-RP** |
| | § | |
| **BANKRUPTCY PROCESSING** | § | |
| **SOLUTIONS, INC.** | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE ROBERT PITMAN
       UNITED STATES DISTRICT JUDGE

Before the Court are Plaintiff's Motion to Remand to State Court or Alternatively for Abstention (Dkt. No. 9); Defendant's Response (Dkt. No. 10); and Plaintiff's Reply (Dkt. No. 12). The District Judge referred the motion to the undersigned Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. §636(b)(1)(B), FED. R. CIV. P. 72 and Rule 1(d) of Appendix C of the Local Rules.

**I.  GENERAL BACKGROUND**

On July 26, 2018, Jefferson Capital Systems, LLC ("JCAP") initiated the instant suit in the 459th Judicial District Court for Travis County, Texas. Cause No. D-1-GN-18-003849, styled *Jefferson Capital Systems, LLC v. BorrowersFirst, Inc. and Bankruptcy Processing Solutions*. In this action, JCAP seeks to recover its alleged interest in a portfolio of consumer credit accounts and the receivables obtained from those accounts (collectively, "Assets"). JCAP alleges that on November 6, 2017, it contracted with BorrowersFirst, Inc. ("BFI") for assignment of the Assets, but complains that BFI has failed to fully remit the Assets as obligated under their Purchase Agreement. JCAP further alleges that the Assets are being wrongfully withheld by Bankruptcy Processing

Solutions, Inc. ("BPS"), which had been servicing the accounts and collecting the receivables on behalf of BFI prior to the Purchase Agreement.

In its original petition, JCAP brought claims of breach of contract against BFI and claims of conversion and unjust enrichment against BPS. Dkt. No. 9-6. On August 10, 2018, while the state court litigation was pending, BFI filed a Voluntary Petition for Chapter 7 Bankruptcy in the United States Bankruptcy Court in the District of Delaware. *In re BorrowersFirst, Inc*, No. 18-11851-CSS (Bankr. D. Del.) ("Bankruptcy Case"). On February 28, 2019, JCAP amended its petition and dropped all of its claims against BFI. Dkt. No. 9-9. Thus, BFI is no longer a defendant in this case. *Id. See also* Dkt. No. 9-11 (JCAP's "Notice of Non-Suit without Prejudice only as to Defendant BorrowersFirst, Inc"). In its Amended Petition, JCAP asserts claims of tortious interference, conversion, gross negligence, and unjust enrichment against BPS. Dkt. No. 9-9.

On July 29, 2019, BPS removed to federal court on the ground that this action is "related to" the Bankruptcy Case and therefore removable pursuant to 28 U.S.C. §§ 1334 and 1452 and Federal Rule of Bankruptcy Procedure 9027. Dkt. No. 1. BPS contends that the dispute is a "core" proceeding in the Bankruptcy Case pursuant to 28 U.S.C. §§ 157(b)(2) and 1334(b) because the claims asserted by JCAP affect the assets of the estate and involve determinations of claims and interests against the estate. *Id.* at ¶ 5. Accordingly, BPS asks the Court to "refer the Travis County Lawsuit to the United States Bankruptcy Court for the District of Delaware in due course," pursuant to 28 U.S.C. §§ 1404(a), 1412. *Id.* at ¶ 3. JCAP now seeks remand of this action to state court. Dkt. No. 9.

## II. STANDARD OF REVIEW

Federal courts are courts of limited jurisdiction. *Home Depot U.S.A., Inc. v. Jackson*, 139 S. Ct. 1743, 1746 (2019). A defendant may remove any civil action from state court to a district

court of the United States that has original jurisdiction. 28 U.S.C. § 1441. The removing party bears

the burden of showing that federal jurisdiction exists and that removal was proper. *Manguno v.

Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). "This burden extends not only

to demonstrating a jurisdictional basis for removal, but also necessary compliance with the

requirements of the removal statute." *Fraire v. Budget Rent-A-Car of El Paso, Inc.*, 2011 WL

3678584, at *2 (W.D. Tex. Mar. 31, 2011). Moreover, because removal "raises significant

federalism concerns," courts must strictly construe removal jurisdiction. *Deutsche Bank Nat. Tr. Co.

v. Gladle*, 2015 WL 1543194, at *1 (W.D. Tex. Apr. 2, 2015). Any doubts surrounding the propriety

of removal are resolved in favor of remand. *See Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339

(5th Cir. 2000), *cert. denied*, 530 U.S. 1229 (2000). A court's decision to remand is not reviewable

by appeal or otherwise. 28 U.S.C. § 1447(d).

## III.  ANALYSIS

JCAP argues this case should be remanded because: (1) removal was untimely; (2) this Court

lacks bankruptcy jurisdiction over the claims; (3) the matter is subject to mandatory abstention; and,

alternatively, (4) that the Court should abstain and remand on equitable grounds. JCAP also requests

attorney's fees and costs in connection with its motion. Before proceeding to the merits of JCAP's

arguments, the Court must determine whether the case has been removed properly and/or whether

there is jurisdiction.

**A.      Timeliness of Removal**

JCAP first argues that this case should be remanded to state court because BPS's Notice of

Removal was untimely. Dkt. No. 9 at 9-14. BPS filed its Notice of Removal on the basis of "related

to" bankruptcy jurisdiction under 28 U.S.C. §§ 1334 and 1452. Dkt. No. 1 at ¶ 6. The timeliness

of the removal of an action that is related to a bankruptcy proceeding is governed by Federal Rule

of Bankruptcy Procedure 9027. FED. R. BANK. P. 9027(a).

Rule 9027 provides different deadlines for removal, depending on whether the civil action

to be removed was commenced before or after the bankruptcy proceeding. Where a civil action is

pending prior to the commencement of the bankruptcy case, as it was here, notice of removal must

be filed within:

> (A) 90 days after the order for relief in the case under the Code, (B) 30 days after
> entry of an order terminating a stay, if the claim or cause of action in a civil action
> has been stayed under § 362 of the Code, or (C) 30 days after a trustee qualifies in
> a chapter 11 reorganization case but not later than 180 days after the order for relief.

FED. R. BANK. P. 9027(a)(2). Here, because BFI filed for bankruptcy under chapter 7, rather than

chapter 11, and because JCAP's state law claims against BPS have not been stayed, only the first

provision of Rule 9027 is applicable. Rule 9027(a)(2)(A) requires a Notice of Removal to be filed

"90 days after the order for relief in the case under the Code" is entered. The order for relief in this

case was entered on August 10, 2018, when BFI filed its Voluntary Petition for Chapter 7

Bankruptcy. *See* 11 U.S.C. § 301(b) ("The commencement of a voluntary case under a chapter of

this title constitutes an order for relief under such chapter."); *see also In re TXNB Internal Case*, 483

F.3d 292, 299 (5th Cir. 2007) (finding that removal within 90 days "of the order for relief stemming

from [petitioner's] bankruptcy petition was timely"). BPS did not file its Notice of Removal until

July 29, 2019, which is more than 90 days after the deadline contained in Rule 9027(a)(2)(A). Thus,

BPS's Notice of Removal was untimely under Rule 9027(a)(2)(A) and this case must be remanded

to state court.

Because the Court is recommending that the case be remanded to state court on the grounds that the removal was untimely, the Court need not address JCAP's alternate arguments for remand.

**B.      Request for Attorney's Fees and Costs**

JCAP also seeks an award of attorneys' fees, costs, and expenses incurred as a result of the removal.  Courts have the discretion to "require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C. § 1447(c).  In general, "courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).  While the Court finds that removal was improper in this case, JCAP has not provided the Court with sufficient documentation to support its request for fees and costs.  The Court, in its discretion, therefore recommends that the request for attorneys' fees, costs, and expenses be **DENIED**.

## IV.  RECOMMENDATION

Based upon the foregoing, the undersigned **RECOMMENDS** that the District Court **GRANT** Plaintiff's Motion to Remand to State Court and **REMAND** this case to the 459th Judicial District Court for Travis County, Texas, but **DENY** Plaintiff's request for attorneys' fees and costs (Dkt. No. 9).

**IT IS FURTHER ORDERED** that this case be removed from the Magistrate Court's docket and returned to the docket of the Honorable Robert Pitman.

## V.  WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made.

The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(c); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED this 31ˢᵗ day of January, 2020.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE