IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JEFFERSON CAPITAL SYSTEMS, LLC, | § § § | |
| Plaintiff, | § § | |
| v. | § § | 1:19-CV-760-RP |
| BANKRUPTCY PROCESSING SOLUTIONS, INC., | § § § § | |
| Defendant. | § § | |

## ORDER

Before the Court is Plaintiff Jefferson Capital Systems, LLC's ("JCAP") Motion for Attorney's Fees, Costs, and Expenses Under 28 U.S.C. § 1447(c) for Wrongful Removal and Incorporated Memorandum in Support, (Dkt. 15), and JCAP's Supplement to the Motion, (Dkt. 16). Defendant Bankruptcy Processing Solutions, Inc. ("BPS") did not file a response or opposition. Having considered JCAP's motion, the record, and the relevant law, the Court will grant JCAP's motion.

## I. BACKGROUND

On January 31, 2020, United States Magistrate Judge Andrew W. Austin submitted a report and recommendation to the Court to grant in part and deny in part JCAP's motion to remand, (Dkt. 9). (Dkt. 13). After a *de novo* review of the report and recommendation, the Court adopted that recommendation on March 4, 2020, (Order, Dkt. 17), and the case was remanded back to state court, (*id.*; Dkt. 18). The Court's order also denied JCAP's request for attorney's fees that was part of its motion to remand because JCAP had not "provided the Court with sufficient documentation to support its request for fees and costs" at the time of the motion to remand. (Order, Dkt. 17, at 1–2). Subsequent to its motion to remand, JCAP filed its Motion for Attorney Fees Costs, and Expenses

Under 28 U.S.C. § 1447(c) for Wrongful Removal and Incorporated Memorandum in Support, (Dkt. 15), and its Supplement to Motion, (Dkt. 16).[1]

## II. DISCUSSION

Pursuant to Local Rule CV-7(e)(2), the Court may grant JCAP's motion for attorney's fees as unopposed. BPS filed no response or opposition to the motion. In JCAP's updated certificate of conference, JCAP's counsel stated that "[c]ounsel were unable to come to any agreement concerning JCAP's Fee Application because BPS's counsel has had trouble communicating with his client, BPS, and for that reason is opposed to the fee application in its entirety." (Supplement, Dkt. 16, at 1–2). While the Court could simply grant JCAP's motion as unopposed, the Court nonetheless will consider it on the merits.

JCAP's motion seeks to recover "just costs and any actual expenses, including attorney fees, incurred as a result of the removal" under 28 U.S.C. §1447(c). *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005) (authorizing the award of attorney's fees under § 1447(c) when the removing party lacked an objectively reasonable basis for seeking removal). In making a determination, courts do not consider the removing defendant's motive. Bad faith is not "a prerequisite to awarding attorney fees and costs." *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 292 (5th Cir. 2000) (citation omitted). Instead, courts consider "the objective merits of removal at the time of removal, irrespective of the fact that it might ultimately be determined that removal was improper." *Id.* at 292–93.

In this case, the Court found that BPS did not file its Notice of Removal until July 29, 2019, more than 90 days after the deadline contained in Federal Rules of Bankruptcy Procedure 9027(a)(2). (R. & R., Dkt. 13, at 4 *adopted by* Order, Dkt. 17). And BPS did not just barely miss the deadline; BPS missed it by many months. (*See id.*). Because BPS's Notice of Removal was untimely, this Court

---

[1] JCAP's supplement was an updated certificate of conference. (Dkt. 16).

remanded this action back to state court. (*Id.*). The applicable rule setting that deadline is well established, and missing it by many months is not objectively reasonable. *See W. Healthcare, LLC v. Nat'l Fire & Marine Ins. Co.*, No. 3:16-CV-565-L, 2016 WL 4039183, at *1 (N.D. Tex. July 28, 2016) (awarding fees and costs where no objectively reasonable grounds for removal existed where the applicable law was "well established"). Indeed, BPS did not file objections to the report and recommendation that applied that rule. Moreover, JCAP's evidence establishing that it is entitled to recover $17,852.50 in attorney's fees and $360.77 in expenses is not substantively contested by BPS. (Mot. Atty's Fees, Dkt. 15, at 5–7; Affidavit, Dkt. 15-1; *see* Supplement, Dkt. 16, at 1–2). *See U.S. Bank, N.A. v. Nelson*, No. 3:11-CV-2674-D, 2011 WL 6096250, at *2 (N.D. Tex. Dec. 6, 2011) ("U.S. Bank has submitted *uncontested* evidence establishing that it is entitled to recover the sum of $2,000 as reasonable attorney's fees. The court therefore awards this sum under 28 U.S.C. § 1447(c).") (emphasis added). Thus, based on the report and recommendation, (Dkt. 13), this Court's order adopting it, (Dkt. 17), JCAP's motion for attorney's fees, (Dkt. 15), BPS's lack of objection to the report and recommendation, and BPS's lack of substantive opposition to JCAP's motion for attorney's fees, this Court finds that BPS lacked an objectively reasonable basis for removing this case many months after the deadline for removing it and concludes that JCAP is entitled to recover its fees and costs incurred as a result of BPS's improper removal.

### III. CONCLUSION

For these reasons, JCAP's Motion for Attorney's Fees, (Dkt. 15), is **GRANTED**. Defendant is entitled to reimbursement of reasonable attorney's fees and costs in the amount of **$18,213.27**.

**SIGNED** on March 11, 2020.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE